1  DAVID A. HUBBERT
   Deputy Assistant Attorney General

2

3  CHELSEA BISSELL (MTBN 58862977)
   KENTON MCINTOSH (DCBN 1656705)
   Trial Attorneys, Tax Division
4  U.S. Department of Justice
   P.O. Box 683
5  Washington, DC 20044
   Telephone: (202) 320-1075 (CB); (202) 514-3768 (KM)
6  Fax: (202) 307-0054
   Email: Chelsea.E.Bissell@usdoj.gov; Kenton.McIntosh@usdoj.gov

7
   *Counsel for the United States*
8

           IN THE UNITED STATES DISTRICT COURT
9        FOR THE DISTRICT OF EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES,

11        Plaintiff,                         Case No. 2:23-cv-01235-KJM-KJN

12   V.                                      **ORDER**

13   JOHNNY L. GRIFFIN III d/b/a LAW
     OFFICES OF JOHNNY L. GRIFFIN III,
14   and SHARON F. GRIFFIN

15        Defendants.

16

17        Plaintiff the United States and Defendants Johnny L. Griffin III d/b/a Law Offices of

18   Johnny L. Griffin III (Mr. Griffin) and Sharon F. Griffin (Mrs. Griffin) have jointly filed a

19   Stipulation and Request for Order Entering Judgment.  Stip., ECF No. 9.  In consideration of the

20   parties' stipulation, the court ORDERS as follows:

21        Judgment is entered in the United States' favor for Mr. Griffin's liability for the federal

22   employment tax (Form 941) assessments for the following tax periods: March 31, 2014; June 30,

23   2014; September 30, 2014; December 31, 2014; September 30, 2015; December 31, 2015; March

24   31, 2016; June 30, 2016; September 30, 2016; December 31, 2016; March 31, 2017; June 30, 2017;

September 30, 2017; December 31, 2017; March 31, 2018; June 30, 2018; September 30, 2018;

December 31, 2018; March 31, 2019; June 30, 2019; September 30, 2019; December 31, 2019;

March 31, 2020; June 30, 2020; September 30, 2020; December 31, 2020; and March 31, 2021;

and for the federal unemployment tax (Form 940) assessments for the following tax periods:

December 31, 2012; December 31, 2014; December 31, 2015; December 31, 2016; December 31,

2017; December 31, 2018; December 31, 2019; and December 31, 2020.  Cumulatively, the

employment and unemployment tax assessments amount to $302,105.37 as of June 7, 2023, plus

interest and statutory additions under 26 U.S.C. §§ 6601, 6621, and 6622, which have accrued and

will continue to accrue according to law from the dates of assessment until judgment is paid, less

any payments and credits.  Interest shall accrue on the judgment in accordance with to 28 U.S.C.

§ 1961(c)(1) until paid.

Judgment is entered in the United States' favor for Mr. Griffin's and Mrs. Griffin's joint

liability for the income tax assessments for the 2009, 2012, 2013, 2014, 2015, 2016, 2017, 2018,

2019, 2020, and 2021 tax years, in the amount of $666,088.96, as of June 7, 2023, less any

subsequent payments or credits, plus interest and other statutory additions, as provided by law.

Interest shall accrue on the judgment in accordance with 28 U.S.C. § 1961I(1) until paid.

A permanent injunction is entered against Mr. Griffin, in accordance with 26 U.S.C.

§ 7402(a), Fed. R. Civ. P. 65, and the court's inherent equity powers, as follows:

A.      Mr. Griffin and any other employer entity he controls shall withhold from each

employee's paycheck an appropriate amount of income tax and the employee portion of FICA and

Medicare taxes;

B.      Mr. Griffin and any other employer entity he controls shall make bi-weekly (after

each payroll) federal tax deposits for employment taxes and withholdings, and employer FICA

1   and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit

2   regulations;

3       C.      Mr. Griffin and any other employer entity he controls shall timely deposit FUTA

4   taxes in an appropriate federal depository bank each quarter in accordance with federal deposit

5   regulations;

6       D.      Mr. Griffin shall sign and deliver to a designated IRS revenue officer, or to such

7   specific location as the IRS may deem appropriate, within two banking days after each required

8   federal tax deposit is due, an affidavit stating that the required federal income taxes, FICA and

9   Medicare taxes, and FUTA taxes were fully and timely deposited for each bi-weekly pay period;

10      E.      Mr. Griffin and any other employer entity he controls shall timely file Form 941

11  employment tax returns and Form 940 unemployment tax returns that come due after the date of

12  the injunction, and Mr. Griffin shall provide a copy of each filed return to a designated IRS revenue

13  officer in such manner as the IRS deems appropriate, within five days of filing;

14      F.      Mr. Griffin and any other employer entity he controls shall timely pay all required

15  outstanding liabilities due on each return required to be filed under the court's injunction order;

16      G.      Mr. Griffin is enjoined from paying other creditors or from transferring, disbursing,

17  or assigning any money, property, or assets after the date of the injunction order until after such

18  time as the required deposits described in paragraphs E-1 and E-2, and any liabilities described in

19  paragraph E-6, have been paid in full, for any tax period ending after the injunction is issued;

20      H.      Mr. Griffin is enjoined from assigning and/or transferring money or property to any

21  other entity to have that entity pay the salaries or wages of his employees, except for a commercial

22  payroll services provider approved in advance by counsel for the United States;

23      I.       Mr. Griffin shall permit a representative from the IRS to inspect his books and

24  records periodically, with two business days' notice of each inspection;

1    J.    Mr. Griffin shall timely pay, in accordance with a payment schedule agreed to by

2   the United States and entered by the court, the employment tax and withholding liabilities with

3   respect to returns first due prior to issuance of the injunction.

4    K.    For the five-year period beginning on the date this injunction order is entered, Mr.

5   Griffin shall notify, in writing, such revenue officer as the IRS designates, if Mr. Griffin comes to

6   form, incorporate, own, or work in a managerial capacity for another business entity, within five

7   business days of such event.  Regardless of such notification, the preceding subparagraphs of this

8   paragraph E shall apply to any employer entity controlled by Mr. Griffin.

9    That judgment be entered in United States' favor and against Mr. Griffin, requiring Mr.

10   Griffin to deliver to all his current employees a copy of the court's findings and injunction,

11   within 30 days of the date of the injunction order.

12    That judgment be entered in United States' favor and against Mr. Griffin, retaining

13   jurisdiction over this case to ensure compliance with this injunction, including authorizing the

14   United States to take post-judgment discovery to ensure compliance.

15    That judgment be entered in United States' favor and against Mr. Griffin such that if Mr.

16   Griffin violates any term of this injunction, then counsel for the United States shall send Mr.

17   Griffin written notice of the violation, and Mr. Griffin shall have ten days after notification is

18   sent to cure the violation;

19    A.    A "cure" for the violation includes making a late tax deposit and all accruals on

20   such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent

21   tax return; and providing a delinquent notification to the designated IRS revenue officer.

22    B.    If counsel for the United States has sent Mr. Griffin three separate written

23   notifications for three separate violations, then counsel for the United States shall no longer be

24   obligated to send written notification of a violation.

C.     If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Mr. Griffin, then the United States shall be entitled to file with this court a motion for an Order to Show Cause why Mr. Griffin should not be held in contempt of this injunction, why Mr. Griffin should not be ordered to cease doing business immediately, and why Mr. Griffin should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

The pending Motion for Preliminary Injunction, ECF No. 4, is **denied as moot.**  The motion hearing set for October 13, 2023 is **vacated.**

That this case is **closed.**

IT IS SO ORDERED.

DATED:  October 3, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE